Keys & Heron vs. Goldsborough's Lessee.

June (E. S.)

Appeal from *Dorchester* County Court. This was an action of *ejectment* brought by the present appellee, (the plaintiff in the court below,) to recover possession of a tract of land called *Ennalls's Inheritance.* The defen-

1809.

Keys & Heron
vs
Goldsborough

A P, by his will, devised to C C & A M, all his real estate, to be sold by them for the payment of his debts. Evidence of a sale made at auction by them to W G, of a part of the real estate, together with a memorandum of the sale, subscribed by the auctioneer, and a receipt given by them for the purchase money—*Held* to be admissible evidence to show a title at law in W G, without a deed of bargain and sale, or other conveyance, to him from the trustees, and to be sufficient to enable his lessee to recover such real estate in an action of ejectment.

R H, by his will, devised as follows: "I give and bequeath unto my dearly beloved son, C H, the free use of my land call'd." &c "with all the houses," &c. *during his natural life, to occupy and enjoy the same; and after the decease of my said son C H,* I give and bequeath the said land called," &c. "with all the houses," &c. *"unto the heirs of my son C H, lawfully begotten of his body, for ever;* and for want of such heirs, I give, &c.—*Held* by the county court that under this devise, C H took an estate intail general.

1809.

Keys & Heron
vs
Goldsborough

dants, (now appellants,) appeared and took general defence.

1. At the trial the plaintiff proved that *Archibald Pattison*, on the 9th of August 1791, being seized of the land for which the action was brought, and of other lands, duly made his will, in which he stated, that he meant and intended to dispose of all his estate, real and personal, and to charge all his real estate with the payment of his just debts. He then devised to his friends, *Charles Crookshanks* and *Archibald Moncreiff*, and the survivor of them, all his real and personal estate, to be sold and disposed of by them, in as full and ample manner as he himself could dispose of them, for the payment of his debts, leaving the manner of such disposition entirely to their own judgment and discretion; but it was his request and direction to them, that his lands on *Transquakin* river, bought of captain *Ennalls*, and those bought of *Stewart*, should if possible be reserved, together with those taken up by him, which adjoined those purchased of *Stewart*, but more particularly the dwelling plantation where col. *Bartholomew Ennalls* resided, which he directed should be last sold of any of his real estate, and if possible reserved for his daughter. And, after the payment of his debts, he gave and bequeathed to his dear daughter, *Mary Pattison*, and the heirs of her body, all his estate real and personal, &c. He appointed *Crookshanks* and *Moncreiff*, executors of his will, and trustees for the sale of his real and personal estate, and directed that the said powers should be fully delegated to the survivor in case of the death of either, and that such survivor might delegate the same to his executor, if not before fully executed. The plaintiff also proved, that *Pattison* died seized of the land in dispute, and that after his death, *Crookshanks* and *Moncreiff*, on the 3d of December 1791, caused the will to be duly proved, and on the same day renounced their right to the executorship. The plaintiff also proved that *Crookshanks* and *Moncreiff* took upon themselves the execution of the trusts mentioned in the will, and of the powers and authority therein contained and limited, and that afterwards, on the 15th of October 1792, they exposed the tract of land called *Ennalls's Inheritance*, and also other lands, to sale at public auction, for the purpose of discharging the debts of *Pattison*, and in pursuance of the trusts, and that the lessor of the plaintiff became the highest bidder and purchaser thereof, and

the lands were sold and struck off to him by the trustees. The plaintiff also gave in evidence the auctioneer's bill or memorandum of the sale, subscribed by him, which subscription, he being dead, was duly proved; and also the exemplification of a judgment recovered by *Moncreiff*, as the surviving trustee, against the lessor of the plaintiff, for the purchase money arising from the said sale: and also a receipt given by *Moncreiff* to the lessor of the plaintiff, for the payment of the money so recovered, under the hand and seal of *Moncreiff*, duly proved, which payment was made before the commencement of this ejectment. The defendants objected to this evidence, and contended that it was inadmissible and incompetent to show a title at law in the lessor of the plaintiff to the land claimed in this ejectment; and moved the court to direct the jury, that unless the plaintiff should produce and show a deed of bargain and sale, or other conveyance, duly executed, acknowledged and enrolled, according to law, in the usual forms of law, to the lessor of the plaintiff, for the land so sold, the plaintiff was not entitled to recover. But the court, [*Polk*, Ch. J. and *Robins*, A. J.] were of opinion, and determined that the evidence was admissible and competent to show a title at law in the lessor of the plaintiff, without a deed of bargain and sale, or other conveyance, and directed the jury, that if they believed the evidence, the same was sufficient to enable the plaintiff to recover. The defendants excepted.

2. The plaintiff then proved that *Robert Heron*, on the 29th of June 1788, being seized of the tract of land called *Ennalls's Inheritance*, mentioned in the declaration, duly made his will, and thereby, as to such worldly estate as it had pleased God to bless him with, he devised as follows: "It is my will, and I do order, that in the first place all my just debts and funeral expenses be paid and satisfied. *Item*, I give and bequeath unto *Elizabeth*, my dearly beloved wife, during her widowhood, the use of all my estate real and personal," &c. "When it shall please God to take to himself my dear and loving wife, then my will and desire is, that my estate, both real and personal, be given and bequeathed in manner following: *Item*, I give and bequeath unto my dearly beloved son *Cuthbert Heron*, the free use of my land whereon I now live, called *Ennalls's Inheritance*, being by estimation about 300 acres, with all

1809
Keys & Heron
vs
Goldsborough

the houses and improvements thereon, during *his natural life*, to occupy and enjoy the same; and after the decease of my said son *Cuthbert Heron*, I give and bequeath the aforesaid lands called *Ennalls's Inheritance*, with all the houses and improvements thereon, *unto the heirs of my said son Cuthbert Heron, lawfully begotten of his body, for ever*; and for want of such heirs, I give and bequeath the aforesaid lands called *Ennalls's Inheritance*, with the improvements thereon, unto my dearly beloved son *Robert Heron*, and the heirs of his body lawfully begotten, for ever; and for want of such issue, to my dearly beloved son *Charles Heron*, and the heirs of his body lawfully begotten, for ever, and for want of such issue, to my four daughters, to be equally divided amongst them, and the heirs of their bodies lawfully begotten, for ever. *Item*, I give and bequeath to my beloved son *Robert Heron*, a tract of land called *Heron's First Addition*, 267 acres, unto him the said *Robert Heron*, and the heirs of his body lawfully begotten, for ever." There was a similar devise of *Heron's Second Addition* to his son *Charles*. The plaintiff further proved, that being so seized, the said last named testator afterwards died, leaving the lands and tenements in his will mentioned, and the several children therein also mentioned. That *Elizabeth Heron*, the widow of the testator, survived him, and entered into the premises devised to her, and held the same during her widowhood, which ended with her life in the month of December 1803, when she died. That *Cuthbert Heron*, the devisee in the will mentioned, also survived the testator, and on the 21st of May 1784, being of lawful age, by deed of indenture duly executed, acknowledged and recorded, he granted, bargained and sold, *Ennalls's Inheritance*, with other land, with the appurtenances, to *Archibald Pattison*, and his heirs, in fee simple, under whom the lessor of the plaintiff claims. That *Cuthbert Heron* afterwards, in the year 1790, died, leaving lawful issue, *Cuthbert Heron*, one of the defendants, his eldest son and heir at law. The defendants objected to the title claimed by the plaintiff, and contended that *Cuthbert Heron*, under the will of *Robert Heron*, took only an estate for life in the lands devised to him, and had no lawful power to make a conveyance of the said lands beyond his natural life. But the court, [*Robins, A. J.*] was of opinion, and decided, that *Cuthbert Heron*,

took an estate intail general in the lands devised to him by *Robert Heron,* and therefore had lawful power, according to the laws of this state, to make the conveyance of the 21st May 1784, and directed the jury accordingly. The defendants excepted. Verdict and judgment for the plaintiff, and the defendants appealed to this court.

The cause was argued before CHASE, Ch. J. BUCHANAN, and NICHOLSON, J, by

*Hammond, Campbell, Carmichael,* and *Kerr,* for the Appellants; and by

*Martin, Bullitt, J. Bayly,* and *W. B. Martin,* for the Appellee.

THE COURT concurred with the court below in the opinion given as stated in the *first* bill of exceptions; but as to that expressed in the *second* they gave no opinion, in consequence of the parties wishing to effect a compromise.

JUDGMENT AFFIRMED.